**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

MISTY PETROSKY ELROD,

    Plaintiff,

v.                                                               ACTION NO. 4:09cv164

BUSCH ENTERTAINMENT CORPORATION
d/b/a WATER COUNTRY USA, and

SANDEEP DEEPAK AGARWAL,

    Defendants.

---

JANE DOE #1, an infant then the age of eleven years,
by SHANNON MIDDLETON, her mother
and next friend,

    Plaintiff

v.                                                                ACTION NO. 4:09cv165

BUSCH ENTERTAINMENT CORPORATION
d/b/a WATER COUNTRY USA, and

SANDEEP DEEPAK AGARWAL,

    Defendants.

---

JANE DOE #2, an infant then age of eleven years,
by NAISSA ARAUJO, her mother
and next friend,

    Plaintiff

v.                                                                ACTION NO. 4:09cv166

BUSCH ENTERTAINMENT CORPORATION
d/b/a WATER COUNTRY USA, and

SANDEEP DEEPAK AGARWAL,

    Defendants.

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Defendant Busch Entertainment Corporation's Motion to Dismiss Counts II, III, IV and VI of the Amended Complaint (ECF No. 45) was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered October 13, 2010. For the reasons stated herein, the Court recommends the Motion to Dismiss Counts II, III, IV and VI of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be GRANTED.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 originally filed identical complaints in the Circuit Court for York County against Busch Entertainment Corporation ("BEC") and Sandeep Deepak Agarwal ("Agarwal"). The allegations in the Complaints stem from Agarwal's sexual assault of Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 on or about August 26, 2008, while Agarwal was operating the Malibu Pipeline ride at Water Country USA, a water-themed amusement park of BEC. (Am. Compl ¶8, ECF No. 43.) On December 28, 2009, Defendant BEC removed the cases to this Court.

On January 26, 2010, Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 each filed an "Amended Complaint." A Consolidation Order was entered on February 10, 2010, and the cases filed by Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 (collectively "Plaintiffs") were consolidated. On the same day, BEC filed Rule 12(b)(6) Motions to Dismiss the three individual amended complaints for failure to state a claim upon which relief can be granted. Following oral argument on BEC's Motions to Dismiss, this Court filed a Second Amended Report and

Recommendation[1] recommending that the Motions to Dismiss be granted. Plaintiffs filed a Motion to Amend on July 2, 2010.[2] On August 31, 2010, the Motion to Amend was granted, and the consolidated Amended Complaint (ECF No. 43) was filed.[3] As a result, BEC's Motions to Dismiss the three individual amended complaints were denied as moot.

The consolidated Amended Complaint (hereinafter "Amended Complaint") contains six counts. Claims of intentional infliction of emotional distress (Count I) and battery (Count V) are brought against both Agarwal and BEC. The remaining claims are brought against BEC for: negligent infliction of emotional distress (Count II), negligent supervision (Count III), negligence (Count IV), and common carrier liability (Count VI). On September 21, 2010, BEC filed a Motion to Dismiss Counts II, III, IV and VI of the Amended Complaint (ECF No. 45). Plaintiffs filed an opposition to the motion on October 4, 2010, to which BEC replied on October 12, 2010.[4] On November 23, 2010, this Court heard oral argument on BEC's Motion to Dismiss. Christina E. James, Esq., and Kevin P. Shea, Esq., represented Plaintiffs. Aminah C. Rogers, Esq., and David C. Bowen, Esq., represented Defendant BEC. The Court Reporter was Gloria Smith.

## II. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.'"

---

[1] A Report and Recommendation of the United States Magistrate Judge was filed May 5, 2010. On May 7, 2010, an Amended Report and Recommendation and a Second Amended Report and Recommendation were filed.

[2] Plaintiffs' first Motion to Amend, filed June 4, 2010, was denied due to Plaintiffs' failure to attach an amended complaint.

[3] On November 24, 2010, the court ORDERED Plaintiffs to serve defendant Agarwal with the Amended Complaint by January 31, 2011. ECF No. 58. The Order advised that failure to serve Agarwal by the deadline will result in the dismissal, without prejudice, of the case against him.

[4] Plaintiffs filed an Objection to BEC's reply on October 14, 2010, asserting the reply was untimely and should not be considered. ECF No. 53. BEC filed an Objection to Plaintiffs' Objection (ECF No. 55) on October 15, 2010, arguing that the Reply was timely filed. The undersigned finds that the Reply was timely filed.

Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The Court must accept as true, well-pleaded allegations and construe them in favor of the non-moving party. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." Id. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

BEC has moved to dismiss the four counts Plaintiffs have alleged solely against BEC, Counts II, III, IV, and VI. BEC has not moved to dismiss Count I alleging intentional infliction of emotional distress by both BEC and Agarwal, or Count V alleging battery by both BEC and Agarwal.

**A. Count II, Negligent Infliction of Emotional Distress**

Plaintiffs have failed to sufficiently allege physical injury resulting from BEC's negligent infliction of emotional distress. Consequently, BEC's motion to dismiss Count II of the

Amended Complaint should be granted.

Early English and American common law prohibited recovery from negligent conduct which resulted in emotional distress, but in which physical impact was not present. See Hughes v. Moore, 197 S.E.2d 214, 218 (Va. 1973) (citing Victorian Rys. Comm'rs. v. Coultas, 13 App.Cas. 222 (Eng. 1888)). This so-called "impact rule" has been abrogated in such a way that permits the recovery of emotional damages even if physical impact is lacking, in other words, where the negligent act is "unaccompanied by a contemporaneous physical injury." See id. at 216-20. This is recognized as the tort of negligent infliction of emotional distress. See id. at 219.

Under Virginia law, when alleging negligent infliction of emotional distress, Plaintiffs cannot recover for claims of emotional disturbance alone. See Hughes, 197 S.E.2d at 219. To substantiate the claim, the plaintiff must also allege a physical injury that was the result of the emotional disturbance. See id. There must be "a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury." Id.

In Hughes, the Supreme Court of Virginia found the plaintiff had established this chain of causal connection. See id. at 220. The plaintiff was standing in her house looking through a picture window when the defendant lost control of his vehicle and crashed into her front porch. Id. at 215. The plaintiff "'froze in her tracks' and screamed," immediately "became weak and felt as if her legs were going to fold under her," "became very nervous, could not sleep that night, and had pains in her chest and arms." Id. She "could not breastfeed her three-month-old baby for lack of milk, and her menstrual period started." Id. Her doctor testified plaintiff "was experiencing physical pain in her body from the emotional disturbance," and there was a "'causal connection' between the automobile striking plaintiff's home and her emotional and physical condition." Id. at 216. The Supreme Court of Virginia found "there was evidence that [the] plaintiff suffered

physical injuries which were the natural result of the fright and shock proximately caused by [the] defendant's tortious conduct." Id. at 220.

The Supreme Court of Virginia has subsequently held plaintiffs must show "clear and convincing evidence of 'symptoms' or 'manifestations' of *physical injury*, not merely of an underlying emotional disturbance." Myseros v. Sissler, 387 S.E.2d 463, 466 (Va. 1990) (emphasis in original). Clarifying that typical symptoms of an emotional disturbance, (e.g. sweating, dizziness, nausea, difficulty in sleeping, etc.) absent a physical injury, will not suffice. See id.

In Myseros, the plaintiff was driving a tank truck full of gasoline when his truck was struck from behind by defendant's vehicle. Id. at 464. Plaintiff brought his truck to a stop in the traffic lane, set a block against one of its wheels, and began inspecting the truck for gas leaks. Id. While inspecting the truck, "one car 'came right at'" the plaintiff, and he "had to run into the median strip to avoid being struck. He returned to his truck to 'protect' it, and he was forced twice more to run into the median strip 'to save [his] life.'" Id. The damage to the truck was minimal, and the plaintiff was not injured, "having no 'bumps or bruises or anything like that.'" Id. at 465. Shortly thereafter, the plaintiff came under psychiatric care and was diagnosed with "post-traumatic stress disorder which evolved into 'a generalized anxiety disorder with some depressive features' and a 'phobic reaction.'" Id. His doctor testified his disorder was accompanied by:

> sweating, dizziness, nausea, difficulty in sleeping and breathing, constriction of the coronary vessels, two episodes of chest pain, hypertension, unstable angina, and electrocardiogram showing marked ischemia, loss of appetite and weight, change in heart function, and problems with the heart muscle.

Id. The Supreme Court of Virginia held the plaintiff only proved the "'typical symptoms of an emotional disturbance,' for which there can be no recovery under Hughes v. Moore in the absence of resulting physical injury." Id. at 466.

Thus, in order to satisfy the elements of a negligent infliction of emotional distress claim, Plaintiffs must allege (1) BEC was negligent, (2) BEC's negligence caused emotional distress, and (3) the emotional distress caused physical injury. Plaintiffs have sufficiently alleged the first two elements, but have failed to allege a physical injury caused by the emotional distress. Plaintiffs have alleged:

> 21. As a direct and proximate result of the wrongful acts of Defendant BEC, Plaintiffs have suffered the following damages: severe mental and physical pain, anguish, indignity, embarrassment and humiliation, and Plaintiff will continue to so suffer in the future, and has incurred expenses in treating said psychological damage.
>
> . . .
>
> 23. Plaintiffs have suffered serious harm and injury due to the emotional distress they have experienced. As a result, they have had to seek on-going medical treatment for post-traumatic stress disorder and disorders of extreme stress. The symptoms of these conditions have interfered with their work or school activities.

Am. Compl.[5]

Plaintiffs make three arguments for why their negligent infliction of emotional distress claim should not be dismissed: (1) there was a physical impact making Hughes and Myseros inapplicable, (2) BEC's actions were willful making Hughes and Myseros inapplicable, and (3)

---

[5] The only other changes made in the Amended Complaint with respect to Plaintiffs' Negligent Infliction of Emotional Distress count were these additions:

> 20. By failing to act, although timely warned by other victims, Defendant BEC ratified and condoned the criminal actions of Defendant Agarwal.
>
> . . .
>
> 24. Plaintiffs are entitled to punitive damages as Defendant BEC was on notice that Defendant Agarwal, was molesting and groping female invitees. When a supervisor in the employ of Defendant BEC was approached concerning the situation, he stated to let him know if it happened again as testified to at the criminal trial of the Defendant Agarwal by the Plaintiff (Trial Transcript, page 82, lines 19 through 23).

Am. Compl.

7

they have alleged a minimal physical injury resulting from fright or shock. Each argument will be addressed in turn.

1. Physical Impact

First, Plaintiffs allege the holdings in Hughes and Myseros do not apply to this case, because Plaintiffs' claims arise from "physical impact, or physical contact," and the damages alleged are "causally connected to the sexual batteries inflicted upon them." Opp., ECF No. 49, at 9-10. Plaintiffs are misconstruing the term "physical impact" when making their argument. In Hughes, the Supreme Court of Virginia uses the phrase "physical impact" when referring to a negligent act resulting in "a contemporaneous physical injury to the person." Hughes, 197 S.E.2d at 216 (citing Bowles v. May, 166 S.E. 550, 555 (Va. 1932)). That there was "physical contact" is not enough, Plaintiffs must allege a contemporaneous physical injury to avoid the application of Hughes and Myseros.

Hughes and Myseros have been applied in at least two cases involving sexual touching, resulting in dismissal of the negligent infliction of emotional distress claims for failure to allege a physical injury caused by an emotional disturbance. Where the defendant's employer allegedly "grabbed [the plaintiff's] breasts, kissed her, rubbed her back and told her that he loved her," and the plaintiff failed to allege any physical injury resulting from her "mental suffering," the Western District of Virginia granted the motion to dismiss her negligent infliction of emotional distress claim. Wain v. Trammell Hotel Investments, LLC, No. 1:05cv43, 2005 WL 2044950, *3-4 (W.D.Va. Aug. 24, 2005). Similarly, where the defendant told the plaintiff he was physically attracted to her, grabbed her and tried to pull her against his body twice, and repeatedly called her to ask her what she was wearing, and plaintiff alleged the incidents cause her mental distress which caused "inability to sleep at night, loss of appetite, significant weight loss, crying, clinical

depression, aversion to public places, and reclusiveness," a Virginia Circuit Court granted a demurrer dismissing the intentional infliction of emotional distress claim for failure to allege a physical injury. Fox v. Rich Products, 1994 WL 101343, *8 (Va. Cir. Ct. Sept. 20, 1994). Although there was physical contact, the plaintiffs in those two cases did not allege a contemporaneous physical injury resulting from the contact.

Similarly, the Amended Complaint does not allege Agarwal's touching resulted in Plaintiffs suffering a contemporaneous physical injury.[6] Consequently, Hughes and Myseros apply.

2. Willful Conduct

Secondly, Plaintiffs assert Hughes and Myseros do not apply to this case, because "BEC's conduct was willful." Opp. at 12, ECF No. 49. Plaintiffs have alleged BEC is liable for intentional infliction of emotional distress in Count I of the Amended Complaint, and BEC has not moved to dismiss Count I. During the hearing on this motion, counsel for Plaintiffs argued there is a line of Virginia cases establishing a cause of action for "willful" infliction of emotional distress, which falls between the "willful, wanton or vindictive" requirement of an intentional infliction of emotional distress claim, and the negligent infliction of emotional distress claim. Counsel listed several cases upon which they rely to establish this middle range of cases. See Thompson v. Skate America, Inc., 540 S.E.2d 123 (Va. 2001); Gupton v. Quicke, 442 S.E.2d 658 (Va. 1994); Wright v. Webb, 362 S.E.2d 919, 922 (Va. 1987); McCall v. Dickson, 1993 Va. Cir. LEXIS 848 (Mar. 23, 1993); Johnson-Kendrick v. Sears, Roebuck & Co. et al., 39 Va. Cir. 314,

---

[6] To the extent Plaintiffs are alleging BEC is liable for any contemporaneous physical injury resulting from Agarwal's touching, the allegation is more appropriately pled in Count V, the battery claim, as opposed to Count II for Negligent Infliction of *Emotional Distress*. Further, if Plaintiffs prove BEC is liable for battery, they need not prove a physical injury as they can recover for emotional damages as a result of battery. See Fox v. Rich Products, 1994 WL at *8 (sustaining demurrer to negligent infliction of emotional harm claim where no physical injury resulting from emotional distress was alleged, and the plaintiff had alleged a separate claim for assault and battery).

9

1996 Va. Cir. LEXIS 159 (May 31, 1996). None of these cases discuss a cause of action falling between intentional infliction of emotional distress and negligent infliction of emotional distress.

To the extent Plaintiffs are alleging BEC was willful, they have alleged intentional infliction of emotional distress in Count I. To the extent Plaintiffs are alleging BEC negligently inflicted emotional distress, Hughes and Myseros apply.

3. Minimal Physical Injury

Lastly, Plaintiffs assert they have alleged "physical injuries resulting from fright or shock (emotional disturbance/distress)" in the Amended Complaint. Opp. at 11. In paragraph 23, Plaintiffs alleged they "have suffered serious harm and injury due to the emotional distress they have experienced. As a result, they have had to seek on-going medical treatment for post-traumatic stress disorder and disorders of extreme stress." Am. Compl. ¶ 23.

The Supreme Court of Virginia specifically held, in Myseros, there can be no recovery under a theory of negligent infliction of emotional distress for post-traumatic stress disorder. Myseros, 387 S.E.2d at 466. Plaintiffs allegations of "disorders of extreme stress" would be similarly categorized as "typical symptoms of an emotional disturbance,' for which there can be no recovery under Hughes v. Moore in the absence of resulting physical injury." Id. at 466. The Court is left with Plaintiffs allegations of "physical pain" in paragraph 21 of the Amended Complaint.

Notably, the allegations made in the Amended Complaint regarding physical pain remained virtually unchanged [7] following this Court's previous Report and Recommendation recommending the Count be dismissed for failure to allege a physical injury resulting from an emotional disturbance. Sec. Am. R&R at 6-7, ECF No. 25. The Report and Recommendation

---

[7] The three individual amended complaints alleged the plaintiff suffered "*great* mental and physical pain" (¶ 15, ECF No. 10), and the consolidated Amended Complaint alleges Plaintiffs suffered "*severe* mental and physical pain" (¶ 21, ECF No. 43). (emphasis added).

explained Plaintiffs' allegation they suffered "physical pain" did not sufficiently allege "symptoms and manifestations of physical injury" resulting from an emotional disturbance, a necessary element for pleading intentional infliction of emotional distress under Hughes and Myseros.

Additionally, even if alleging physical pain satisfied the causally connected physical injury requirement, Plaintiffs' amended complaint would not satisfy the pleading standards in Twombly and Iqbal as described in subsection II above. See supra, Part II. The Court in Iqbal and Twombly, required the plaintiff to plead more than unadorned elements of a cause of action. See 129 S. Ct. at 1949; 550 U.S. at 555-70. While "detailed factual allegations" were not required, the Court held that the plaintiff must nevertheless plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. In this case, merely alleging physical pain is not factually specific enough to satisfy the Iqbal and Twombly standard. "Physical pain," especially when referring to three separate plaintiffs, is boiler-plate language, which fails to sufficiently outline the three plaintiffs' physical injuries resulting from emotional distress. Plaintiffs have not specified the location of the pain, alleged that it is a result of any particular physical injury, or claimed any other factual content related to the physical pain. Therefore, Plaintiffs have failed to plead all the elements of negligent infliction of emotional distress, and BEC's 12(b)(6) Motion to Dismiss Count II of the Amended Complaint should be GRANTED.

**B. Count III, Negligent Supervision**

Plaintiffs' claim for negligent supervision should be dismissed as the Supreme Court of Virginia has never imposed on an employer a duty to supervise. Further, if Plaintiffs intend to proceed under a theory of Negligent Retention, they need to plead such a claim.

There is no authority in Virginia for a claim of negligent supervision. The Virginia Supreme Court has held, "[i]n Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here." Chesapeake and Potomac Tel. Co. of Va. v. Dowdy, 365 S.E.2d 751, 754 (Va. 1988). The majority of Virginia state cases have interpreted Dowdy to foreclose any independent cause of action for negligent supervision in Virginia, and have sustained demurrers dismissing negligent supervision claims. See Gilbertson v. Purdham, 78 Va. Cir. 295, 2009 Va. Cir. LEXIS 104 (May 4, 2009); Wood v. Lowe's Home Centers, Inc., 63 Va. Cir. 461, 2003 Va. Cir. LEXIS 247, at **3 (Dec. 16, 2003) (holding " claim of negligent supervision is not recognized in Virginia"); Stottlemyer v. Ghramm, 60 Va. Cir. 474, 2001 Va. Cir. LEXIS 501 (July 13, 2001); Permison v. Vastera, Inc., 51 Va. Cir. 409, 2000 Va. Cir. LEXIS 58, at **2 (March 10, 2000) ("[Dowdy] clearly states that Virginia does not recognize an independent cause of action for negligent supervision"); J. v. Victory Tabernacle Baptist Church, 372 S.E.2d 391, 392-93 (Va. 1988); Courtney v. Ross Stores, Inc., 45 Va. Cir. 429, 432, 1998 Va. Cir. LEXIS 143, at **6 (May 1, 1998) (holding, "courts have not recognized negligent supervision in Virginia"). But see, Johnson-Kendrick v. Sears, Roebuck & Co., 39 Va. Cir. 314, 319, 1996 Va. Cir. LEXIS 159, at **13 (1996) (stating that although the Virginia Supreme Court made it clear there was no duty to supervise which arose under the circumstances presented in Dowdy, "[t]he court did not opine that there would never be a situation in which an employer would have a duty to supervise an employee," but failing to find such duty).

Moreover, federal courts have consistently held that under Dowdy, there is no cause of action for negligent supervision in Virginia. See Spencer v. Gen. Elec. Co., 894 F.2d 651 (4th Cir. 1990), overruled on other grounds by Farrar v. Hobby, 506 U.S. 103 (1992); Thompson v. Town of

Front Royal, 117 F. Supp.2d 522, 531 (W.D. Va. 2000); Johnson v. Enterprise Leasing Co., 1999 U.S. App. LEXIS 15752, *1 (4th Cir. July 13, 1999); Wolf v. Fauquier County Bd. of Supervisors, No. 1:06CV945, 2007 WL 2688418, at *7 (E.D. Va. Sept. 12, 2007); Jones v. D'souza, 2007 U.S. Dist. LEXIS 66993 (W.D. Va. Sept. 11, 2007); Anderson v. Wiggins, No. 97-0015-C, 1997 WL 470367 (W.D. Va. 1997).

This court cannot create a duty to supervise where Virginia courts have not done so. Therefore, given that not a single Virginia court has ever found a duty to supervise, BEC's 12(b)(6) Motion to Dismiss Count III of the Amended Complaint alleging negligent supervision should be GRANTED.

In the alternative, Plaintiffs assert their Negligent Supervision claim can be construed as a Negligent Retention claim. Opp. at 5-9. During the hearing on this motion, Plaintiffs' counsel argued Plaintiffs should be allowed to proceed with a legal theory of Negligent Retention without amending their pleadings. Counsel relied on the case of Labram v. Havel, where the Fourth Circuit vacated and remanded a district court's decision dismissing a case for failure to state a claim on which relief could be granted. 43 F.3d 918, 920 (4th Cir. 1995). In Labram, the plaintiff labeled one count "sexual molestation," and proceeded to plead all of the elements of a battery claim. Id. The state law being applied, Nevada, did not recognize a separate tort of sexual molestation. Id. Finding the plaintiff failed to state a claim in the remaining counts pled, the district court dismissed the entire case for failure to state a claim. Id. The Fourth Circuit held dismissing the case based on plaintiff's failure to properly label the sexual molestation claim as one for battery was "not warranted so long as any needed correction of legal theory will not prejudice the opposing party." Id.

In order to proceed with a Negligent Retention claim, Plaintiffs need to amend their

Complaint to allege such a claim. This would amount to the "needed correction of legal theory" discussed in the Labram opinion. To allow a Negligent Retention claim to proceed as currently pled in Count III of the Amended Compliant would result in unnecessary confusion, especially if the District Court adopts the recommendation that the Negligent Supervision claim be dismissed.

**C.   Count IV, Negligence**

BEC's motion to dismiss Count IV, alleging negligence, should be granted for the same reason the motion to dismiss Count II alleging negligent infliction of emotional distress should be granted – failure to allege a contemporaneous physical injury or a physical injury resulting from an emotional disturbance. Plaintiffs have cited several cases which discuss a business owner's duty to protect its invitees from a third party's criminal conduct when the business owner "knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee." Wright v. Webb, 362 S.E.2d 919, 922 (Va. 1987); see also Thompson v. Skate America, Inc., 540 S.E.2d 123 (Va. 2001); Gupton v. Quicke, 442 S.E.2d 658 (Va. 1994).   In each of these cases, a physical injury resulted from the criminal conduct. See Thompson, 540 S.E.2d at 125 (plaintiff was struck in the back of the head with a roller skate resulting in a fractured skull); Gupton, 442 S.E.2d at 364 (plaintiff was violently attacked); Wright, 362 S.E.2d at 920 (part of plaintiff's nose was bitten off during a car-jacking). As stated in Section III. A., supra, this Court finds Plaintiffs have sufficiently pleaded BEC's negligence.  Where Plaintiffs' Amended Complaint falls short is in pleading the injury resulting from BEC's negligence.  Plaintiffs have failed to allege either a contemporaneous physical injury, or a physical injury resulting from the mental disturbance caused by BEC's negligence as required by Hughes and Myseros.  Therefore, BEC's motion to dismiss Count IV of the Amended Complaint should be GRANTED.

**D.     Count VI, Common Carrier Liability**

Plaintiffs concede Count VI should be dismissed in light of the holding in <u>Bregel v. Busch Entm't Corp.</u>, 444 S.E.2d 718, 719 (Va. 1994) (holding "Busch Entertainment Corporation is not a common carrier because it does not, as a regular business, undertake for hire to transport persons from place to place."). Opp. at 2 fn.2.  This concession was restated during the hearing on this motion.  Consequently, the Motion to Dismiss Count VI of the Amended Complaint should be GRANTED.

## IV.     **RECOMMENDATION**

For the foregoing reasons, the Court recommends that BEC's Motion to Dismiss Counts II, III, IV, and VI of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 45) be GRANTED.

## V.     **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this second amended report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6( a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.   A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 13, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

David C. Bowen, Esq.
Wilcox & Savage, P.C.
One Commercial Place
Suite 1800
Norfolk, VA 23510

Kevin P. Shea, Esq.
Kevin P. Shea Attorneys & Counselors at Law
34 W Queens Way
Hampton, VA 23669

Sandeep Deepak Argarwal
Hampton Roads Regional Jail
E2690 Elmhurst Lane
Portsmouth, VA 23701-2745

Fernando Galindo, Clerk

By _____
Deputy Clerk

December 14, 2010