# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Newport News Division

MISTY PETROSKY ELROD,

    Plaintiff,

v.                                                            ACTION NO. 4:09cv164

BUSCH ENTERTAINMENT CORPORATION
d/b/a WATER COUNTRY USA, and

SANDEEP DEEPAK AGARWAL,

    Defendants.

---

JANE DOE #1, an infant then the age of eleven years,
by SHANNON MIDDLETON, her mother
and next friend,

    Plaintiff

v.                                                            ACTION NO. 4:09cv165

BUSCH ENTERTAINMENT CORPORATION
d/b/a WATER COUNTRY USA, and

SANDEEP DEEPAK AGARWAL,

    Defendants.

---

JANE DOE #2, an infant then the age of eleven years,
by NAISSA ARAUJO, her mother
and next friend,

    Plaintiff

v.                                                            ACTION NO. 4:09cv166

BUSCH ENTERTAINMENT CORPORATION
d/b/a WATER COUNTRY USA, and

SANDEEP DEEPAK AGARWAL,

    Defendants.

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure by order of reference entered April 4, 2011, for a Report and Recommendation for the disposition of Plaintiff's Motion for Entry of Default Judgment as to Defendant Sandeep Deepak Agarwal. As Plaintiffs have alleged Agarwal and Busch Entertainment Corporation ("BEC") are jointly and severally liable, and BEC is entitled to contest Plaintiffs' allegations, entry of default judgment against Agarwal is not appropriate until the conclusion of the case against BEC. Consequently, the undersigned recommends Plaintiffs' Motion for Entry of Default Judgment as to Sandeep Deepak Agarwal (ECF No. 71) be DENIED, and that Defendant's Motion for Delay of Entry of Default Judgment Against Agarwal (ECF No. 76) be GRANTED. The Court further recommends that Agarwal lose his standing in this case, including the right to receive notice of the proceedings and the right to present evidence at the trial, pursuant to the Entry of Default under Federal Rule of Civil Procedure 55(a).

## I. Procedural History

Plaintiffs Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 originally filed identical complaints in the Circuit Court for York County against BEC and Agarwal.[1] The allegations in the Complaints stem from Agarwal's sexual assault of Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 on or about August 26, 2008, while Agarwal was operating the Malibu Pipeline ride at Water Country USA, a water-themed amusement park of BEC. (Con. Pls.' Am. Compl. ¶8,

---

[1] Agarwal was served with the Complaint at the Hampton Roads Regional Jail on November 25, 2009. Notice of Removal ¶ 7, ECF No. 1. Approximately two weeks later, Agarwal was deported to India by the U.S. Immigration and Customs Enforcement. Id.

ECF No. 43.) On December 28, 2009, Defendant BEC removed the cases to this Court.

On January 26, 2010, Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 each filed an amended complaint. A Consolidation Order was entered on February 10, 2010, and the cases filed by Misty Petrosky Elrod, Jane Doe #1, and Jane Doe #2 (collectively "Plaintiffs") were consolidated. On the same day, BEC filed Rule 12(b)(6) motions to dismiss the three individual amended complaints for failure to state a claim upon which relief can be granted. Following oral argument on BEC's motions to dismiss, this Court filed a Second Amended Report and Recommendation[2] recommending that the motions to dismiss be granted. Plaintiffs filed a Motion to Amend on July 2, 2010.[3] On August 31, 2010, the Motion to Amend was granted, and the Consolidated Plaintiffs' Amended Complaint (ECF No. 43) was filed.[4] As a result, BEC's motions to dismiss the three individual amended complaints were denied as moot.

The Consolidated Plaintiffs' Amended Complaint contains six counts. Claims of intentional infliction of emotional distress (Count I) and battery (Count V) are brought against both Agarwal and BEC. The remaining claims are brought against BEC for: negligent infliction of emotional distress (Count II), negligent supervision (Count III), negligence (Count IV), and common carrier liability (Count VI). On September 21, 2010, BEC filed a Motion to Dismiss Counts II, III, IV and VI (ECF No. 45) pursuant to Federal Rule of Civil Procedure 12(b)(6). By Report and Recommendation filed December 14, 2010, the undersigned recommended BEC's

---

[2] A Report and Recommendation of the United States Magistrate Judge was filed May 5, 2010. On May 7, 2010, an Amended Report and Recommendation and a Second Amended Report and Recommendation were filed.

[3] Plaintiffs' first Motion to Amend, filed June 4, 2010, was denied due to Plaintiffs' failure to attach an amended complaint.

[4] On November 24, 2010, the court ordered Plaintiffs to serve defendant Agarwal with the Consolidated Plaintiffs' Amended Complaint by January 31, 2011. ECF No. 58. The Order advised that failure to serve Agarwal by the deadline would result in the dismissal, without prejudice, of the case against him.

motion to dismiss be granted. After reviewing Plaintiffs' objections and making de novo findings with respect thereto, the District Judge adopted the Report and Recommendation on January 19, 2011 (ECF No. 68), and granted BEC's Motion to Dismiss Counts II, III, IV, and VI of the Consolidated Plaintiffs' Amended Complaint. The remaining counts, Count I alleging intentional infliction of emotional distress, and Count V alleging battery, are brought against Agarwal and BEC jointly and severally. (Con. Pls'. Am. Compl. at 8, ECF No. 43.)

On January 31, 2011, Plaintiffs filed proof of service documents including a copy of the Summons signed by Agarwal.[5] Service on Agarwal is effective pursuant to Federal Rules of Civil Procedure 4(f)(2)(C)(i)[6] and 4(l)(2)(B).[7] Under Rule 12(a)(1)(A), Agarwal had twenty-one days from service to file an answer or responsive pleading. As of the filing of this Report and Recommendation, Agarwal has not filed an answer or responsive pleading.

Plaintiffs filed a Motion for Default Judgment (ECF No. 71) as to defendant Agarwal on March 28, 2011, and a Request for Entry of Default (ECF No. 72) on March 30, 2011. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Agarwal on March 31, 2011, and the case was referred to the undersigned Magistrate Judge to conduct a hearing and prepare a Report and Recommendation on the disposition of the Motion for Default Judgment. Agarwal has filed no response to the motion. BEC filed a Motion for Delay of Entry

---

[5] Plaintiffs filed a Proof of Service showing service was made on Agarwal's mother on January 21, 2011. (ECF No. 69.) The documents attached to the proof of service include (1) an e-mail dated January 23, 2011, which explains that service was made on Agarwal personally, as well as on his mother, and (2) two copies of the Summons, one signed by Agarwal and the other signed by his mother. Id.

[6] Rule 4(f)(2)(C)(i) provides for serving an individual in a foreign country by "delivering a copy of the summons and of the complaint to the individual personally," "if there is no internationally agreed means, or if an international agreement allows but does not specify other means."

[7] Under Rule 4(l)(2)(B), when service is made pursuant to Rule 4(f)(2), service must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee."

4

of Default Judgment against Defendant Agarwal (ECF No. 76) on May 2, 2011, to which Plaintiffs responded on May 12, 2011.

The Court held a hearing on May 19, 2011. Christina E. James, Esq., and Kevin P. Shea, Esq., represented Plaintiffs. Aminah C. Rogers, Esq., and David C. Bowen, Esq. represented BEC. Agarwal did not make an appearance. The Official Court Reporter was Paul McManus.

## II. Analysis

### A. Standard of Review for Default Judgment

Federal Rule of Civil Procedure 55(a) states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The general effect of the entry of default under Rule 55(a) is that the defaulting defendant loses his standing in court, his right to receive notice of the proceedings, and his right to present evidence at the final hearing. See Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927) (applying former Equity Rule 16); 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2682 (1998) (Rule 55(a) "adopts the substance of former Equity Rule 16").

In cases where the complaint is not for a sum certain, the plaintiff must apply to the court for entry of default judgment. Fed. R. Civ. Proc. 55(b). The decision to enter default judgment lies within the sound discretion of the court, Papagianakis v. The Samos, 186 F.2d 257, 263 (4th Cir. 1950), but default judgment generally is disfavored, Tazco, Inc. v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990).

Federal Rule of Civil Procedure 54(b) authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that "there is no just reason for delay." The avoidance of logically inconsistent judgments in the same action and factually

meritless default judgments provide "just reason" for delaying an entry of default judgment. See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D. Va. 2000).

B. **Delaying Entry of Default Judgment**

Agarwal was served with the Summons and the Consolidated Plaintiffs' Amended Complaint on January 23, 2011,[8] pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(i). Agarwal failed to file an answer or responsive pleading, and failed to make any appearance in the case. Were Agarwal the only defendant in the case, the court would hold a hearing to determine the amount of Plaintiffs' damages pursuant to Rule 55(b)(2). However, Plaintiffs have alleged BEC, Agarwal's employer at the time of the assault, is jointly liable for Agarwal's conduct. Con. Pl's. Am. Compl. ¶¶ 10, 11, 13, 15, 42-45, 47. Plaintiffs have also alleged Agarwal and BEC are jointly and severally liable for the damages suffered as a result of Agarwal's conduct. Id. at 8. Consequently, BEC filed a Motion for Delay of Entry of Default Judgment on May 2, 2011, asking the Court to delay entry of default judgment against Agarwal until the matter has been adjudicated with respect to BEC. There is just reason for delaying the entry of final default judgment against Agarwal until the conclusion of the action against BEC, to avoid potentially inconsistent judgments.

The United States Supreme Court addressed this issue in Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872), where the plaintiff alleged fourteen defendants were jointly liable for conspiracy to commit fraud against him. After the entry of default judgment in the plaintiff's

---

[8] An e-mail exchange dated January 21-23, 2011, between the person serving Agarwal in India, and Plaintiffs' counsel is attached to the Proof of Service documents. (ECF No. 69 at 4-5.) The e-mail sent January 21, 2011, explains the intention to serve Agarwal on January 23, 2011. Id. at 4. The e-mail dated January 23, 2011, states that service was made on both Agarwal and his mother. Id. at 5. The e-mail further states that a copy of the Summons signed by Agarwal and a copy signed by his mother has been attached to the e-mail. Id. The Summons signed by Agarwal contains the notation "25/1/2010 9:45AM" next to the signature. Id. at 6. The Court presumes the date should have read 23/1/2011, or January 23, 2011. In any event, the Court is satisfied service was made on Agarwal in late January 2011, and no response has been made.

favor against a non-appearing defendant, the trial court found no fraud had occurred. Id. at 553. The Supreme Court reversed the inconsistent judgments, noting:

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default ... against him, and proceed with the cause upon the answers of the other defendants. . . . But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id. at 554. Subsequently, Federal Rule of Civil Procedure 54(b) was enacted, which authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that "there is no just reason for delay." See U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967) (holding delayed entry of default is appropriate where defendants are jointly and/or severally liable and closely interrelated). The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason" for delay. See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. at 582; see also Jefferson v. Briner, Inc., 461 F. Supp. 2d 430 (E.D. Va. 2006).

Plaintiffs are seeking to hold Agarwal and BEC jointly and severally liable for Agarwal's intentional infliction of emotional distress and battery. An entry of default judgment against Agarwal at this stage of the litigation risks inconsistency with a later judgment as to BEC. Accordingly, the undersigned recommends the Court DENY the entry of default judgment against Agarwal, pending conclusion of the action against BEC.

### III.  Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Entry of Default Judgment be DENIED, and Defendant's Motion for Delay of Entry of Default Judgment against Agarwal be GRANTED.  The Court further recommends that pursuant to the Entry of Default under Rule 55(a), Agarwal lose his standing in this case, including the right to receive notice of the proceedings and the right to present evidence at the trial.

### IV.  Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr

v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 1, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Kevin P. Shea, Esq.
Christina E. James, Esq.
Kevin P. Shea Attorneys & Counselors at Law
34 W. Queens Way
Hampton, VA 23669

Aminah C. Rogers, Esq.
David C. Bowen, Esq.
Kevin P. Greene, Esq.
Willcox & Savage P.C.
Wells Fargo Center
440 Monticello Ave.
Suite 2200
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk, L. Howard
June 1, 2011